E-FILED
Tuesday, 20 January, 2026  02:00:58 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

FREDRICK H. WILLIAMS,                )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )          3:25-cv-03214-MMM
                                     )
RICHARD WATSON,                      )
                                     )
                    Defendant.       )

## ORDER

Plaintiff, proceeding pro se, alleges violations of constitutional rights.

A. Merit Review Order

The Court must "screen" Plaintiff's complaint, and through such process identify

and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. §

1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a

claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the

plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory

statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)

(citation omitted).

Plaintiff's Complaint names only St. Clair County Sheriff Richard Watson as

Defendant. The Complaint then goes on to describe a wide range of issues related to

experiences at Graham Correctional Center, Big Muddy Correctional Center, and Jacksonville Correctional Center. Some complaints are system-wide, such as better attention to prison grievances, a request to set up an email-based complaint system, and concerns over the administration of programs. Others relate to law library access, investigations, and other issues. None of the issues are specific as to time, location, persons alleged to be at fault.

"Only persons who cause or participate in [constitutional] violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The Federal Rules of Civil Procedure require that the plaintiff submit a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The Seventh Circuit has consistently noted that the essential function of a complaint under the civil rules … is to put the defendant on notice of the plaintiff's claim. *Ross Brothers Const. Co., Inc, v. International Steel Services, Inc.*, 283 F.3d 867, 872 (7th Cir. 2002) (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)). While it is not necessary for a plaintiff to plead specific facts, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Here, Plaintiff's allegations are too vague and devoid of context and detail to place any Defendant on notice of any specific claim against him or her related to a specific time and occurrence. Indeed, Plaintiff does not identify any individuals aside

from the St. Clair County Sheriff, who would have no involvement at all in the operation of Illinois Prisons. Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend.

If Plaintiff elects to file an Amended Complaint, Plaintiff must clearly state what happened, when it happened, who was involved, how each individual was involved, and any harm Plaintiff suffered.

B. Joinder of Claims

If Plaintiff seeks to amend, he must comply with the joinder rules.

"A prisoner may join Defendants in the same action only if the claims against each one 'aris[e] out of the same transaction, occurrence, or series of transactions or occurrences …." *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018) (quoting Fed. R. Civ. P. 20(a)(2)). "Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). "To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim #1 against Defendant A, and claim #2 against Defendant B, only if both claims arise 'out of the same transaction, occurrence, or series of transactions or occurrences.'" *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (quoting Rule 20(a)(1)(A)).

"[D]istrict courts should not allow inmates to flout the rules for joining claims and Defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform

Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017).

The Seventh Circuit "target[s] for dismissal 'omnibus' complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated Defendants." *Mitchell*, 895 F.3d at 503. However, "judges may sever unrelated claims into separate suits (rather than dismiss the claims) if the statute of limitations has otherwise lapsed." *Morris v. Kulhan*, 745 F. App'x 648, 649 (7th Cir. 2018).

Finally, even claims that are properly joined may be severed in an exercise of the Court's discretion, where doing so would be in the interests of justice and would promote the efficient and effective resolution of all claims.

The complaint is dismissed with leave to replead as stated above. Plaintiff must comply with the joinder rules. If Plaintiff includes unrelated claims against multiple parties, he may be required to choose if he wants the claims severed into separate lawsuits which would require payment of additional filing fees or if he no longer wants to pursue them.

C. Request for Counsel

Plaintiff asks for court help finding an attorney. He writes down a list of law firms contacted but does not explain or provide copies of letters sent or received regarding any request for help with this specific lawsuit. Some of the entities listed, such as Land of Lincoln Legal Assistance, John Howard Association, and Illinois College of Law, do not represent individuals in lawsuits like this at all, so any request to these entities would not be reasonably calculated to result in representation.

This Court does not have the authority to require an attorney to accept *pro bono* appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). The most that the Court may do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) ("… civil litigants have no constitutional or statutory right to be represented by counsel in federal court."). The Court must determine: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, if the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654–55.

Plaintiff has not made a reasonable attempt to find counsel on his own and has not indicated that he is being prevented from doing so. First, there is no indication that Plaintiff does not have access to writing materials and to the mail. He has been in communication with the Court without apparent issue in this basic regard. Second, parties typically show they have made a reasonable attempt to find counsel by writing to several law firms that practice civil rights law on behalf of prisoners, explaining the specifics of this lawsuit, and asking for representation. Copies of those letters sent along with copies of the responses received may then be filed with any renewed motion to request counsel. Any renewed motion should also explain any specifics as to Plaintiff's ability to litigate this case, including his education, legal experience, and any other issues that bear on his ability to represent himself.

**IT IS THEREFORE ORDERED:**

1.  **Plaintiff's Motion to Request Counsel [4] is DENIED.**

2.  **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has failed to state a claim for relief. The allegations are too vague and non-specific to put any Defendant on notice of a claim. Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim.**

3.  **The Court will allow Plaintiff the opportunity to file an Amended Complaint, within 21 days of this Order. Failure to file an Amended Complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.**

Entered this 20th day of January, 2026.

_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE